## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

JARVOUS BROOKS                                                    PLAINTIFF

v.                                              CAUSE NO. 1:24-cv-00221-LG-RPM

KATIE SHIREMAN, et al.                                          DEFENDANTS

### ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. When he filed his Complaint under 42 U.S.C. § 1983, *pro se* Plaintiff Jarvous Brooks was an inmate housed at the Jackson County Adult Detention Center in Pascagoula, Mississippi. Plaintiff is now housed in the custody of the Mississippi Department of Corrections ("MDOC"), and he is proceeding *in forma pauperis*. Plaintiff names five Defendants: (1) Katie Shireman, (2) Amanda Galle, (3) Jackson County Public Defender's Office, (4) Jackson County Circuit Court, and (5) Singing River Hospital Campus Police.

For the following reasons, the Court finds that this case should be dismissed. Plaintiff's claims arising under federal law should be dismissed with prejudice as legally frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The Court will decline to exercise supplemental jurisdiction over any remaining state-law claims, and they will be dismissed without prejudice.

### I. BACKGROUND

In 2014, Plaintiff was convicted in the Jackson County Circuit Court for burglary of a dwelling under Mississippi Code § 97-17-23 and sentenced to serve a term of ten years in MDOC custody, with five years to serve and five years of post-

release supervision.  *State of Miss. v. Brooks*, No. 30CI1:13-cr-10551-KJ (Jackson County Cir. Court, Aug. 29, 2014) (Doc. 16).[1]  On April 24, 2024, Plaintiff was arrested and charged by the Singing River Hospital Campus Police for possessing a controlled substance, which violated the terms of his post-release supervision.  *Brooks*, No. 30CI1:13-cr-10551-KJ (Doc. 74 at 1).  Plaintiff's post-release supervision was revoked on May 28, 2024, and he was ordered "to serve the remainder of his original ten (10) year sentence."  *Id*. (emphasis omitted).  There is no evidence in this record or in the state-court record that the revocation of Plaintiff's post-release supervision has been reversed, expunged, declared invalid, or otherwise called into question.

Plaintiff was indicted for the controlled substance offense on December 27, 2024.  *State of Miss. v. Brooks*, No. 30CI1:24-cr-10773-KJ-1 (Jackson County Cir. Ct., Dec. 27, 2024) (Doc. 1).  On August 4, 2025, after pleading guilty to that offense, Plaintiff was sentenced to serve three years in MDOC custody, with two years to serve and one year of post-release supervision.  *Brooks*, No. 30CI1:24-cr-10773-KJ-1 (Doc. 18 at 1).  Plaintiff's sentences were ordered to run consecutively.  *Id*. Likewise, there is no evidence that this conviction and sentence have been reversed, expunged, declared invalid, or otherwise called into question.

Plaintiff claims that he sought medical care at Singing River on the day of his arrest in April 2024.  Instead of treating his medical complaints, Plaintiff alleges

---

[1] The Court "may take judicial notice of matters of public record." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

that the Singing River Hospital Campus Police violated his constitutional rights by "maliciously patting [him] down" and failing to provide a *Miranda*[2] warning. Compl. [1] at 6.  Plaintiff also claims that his court-appointed attorneys, Shireman and Galle, "act[ed] in bad faith by neglecting [their] duties."  *Id.*  Though he requested a preliminary hearing, for example, Plaintiff alleges that Shireman and Galle "insist[ed]" he waive his right to a preliminary hearing.  Resp [15] at 1.  He also blames the Jackson County Circuit Court for failing to honor his request for a preliminary hearing.

## II. <u>STANDARD OF REVIEW</u>

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis*.  Because Plaintiff is proceeding accordingly, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "A complaint is frivolous if it lacks an arguable basis in either law or fact."  *Fountain v. Rupert*, 819 F. App'x 215, 218 (5th Cir. 2020).  "A complaint fails to state a claim upon which relief may be granted if, taking the plaintiff's allegations as true, he could prove no set of facts in support of his claim that would entitle him to relief."  *Id.*

This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citation modified).  In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*  So long as the plaintiff "has already pleaded his best case," *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citation modified), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss the case *sua sponte*.

### III. <u>DISCUSSION</u>

#### A.  <u>Claims Arising Under Federal Law</u>

Having reviewed and liberally construed the pleadings, the Court finds that Plaintiff has raised three constitutional claims: (1) illegal arrest against the Singing River Hospital Campus Police; (2) ineffective assistance of counsel against Shireman, Galle, and the Jackson County Public Defender's Office; and (3) denial of the right to a preliminary hearing against the Jackson County Circuit Court.  All of his claims arising under federal law fail, many of them for multiple reasons.

##### i. <u>Heck *Bar*</u>

After conducting the required screening under § 1915, Court finds that Plaintiff's federal claims against all Defendants are barred by *Heck v. Humphrey*,

512 U.S. 477 (1994), and must be dismissed as frivolous and for failure to state a claim upon which relief may be granted. *See Jones v. McMillin*, No. 3:12-cv-00865-CWR-FKB, 2013 WL 1633336, at *2 (S.D. Miss. Apr. 16, 2013) (dismissing *Heck*-barred claims "as legally frivolous and for failure to state a claim").

"In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (citing *Heck*, 512 U.S. at 486-87). "*Heck* requires the district court to consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quotation omitted). "This requirement or limitation has become known as the favorable termination rule." *Id*. (quotation omitted). *Heck* applies with equal force to "claims that challenge revocation proceedings." *Adongo v. Tex.*, 124 F. App'x 230, 232 (5th Cir. 2005).

Plaintiff asks this Court to conclude that his post-release supervision was revoked and that he was convicted after an illegal arrest by Singing River Hospital Campus Police; after his court-appointed lawyers provided ineffective assistance of counsel; and after the Jackson County Circuit Court violated his right to due process by failing to provide him with a preliminary hearing. A finding in Plaintiff's

favor on any of those points would necessarily imply the invalidity of his revocation proceedings, his subsequent conviction, and his current term of incarceration. Yet Plaintiff has not shown that the revocation of his post-release supervision, his controlled-substances conviction, or the resulting sentences were "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 487.

Thus, Plaintiff cannot maintain his constitutional claims under § 1983. *E.g.*, *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (applying *Heck* bar to illegal-arrest claim where the plaintiff's "probation was revoked because of the charges arising out of th[at] arrest"); *Roberts v. Jack*, No. 3:14-cv-00826-FKB, 2016 WL 4136490, at *2 (S.D. Miss. Aug. 3, 2016) (applying *Heck* bar to claim that *Miranda* warnings were not provided); *Claiborne v. Pickard*, No. 5:14-cv-00028-DCB-MTP, 2014 WL 2207992, at *2 (S.D. Miss. May 28, 2014) (applying *Heck* bar to ineffective-assistance-of-counsel claims); *Curry v. Miss. Dep't of Corr.*, No. 3:13-cv-00076-DPJ-FKB, 2013 WL 2469630, at *4-5 (S.D. Miss. June 7, 2013) (applying *Heck* bar to claims against Lee and Monroe County Circuit Courts where the plaintiff's "convictions and sentences [emanating from those courts had] not yet been invalidated"). These claims must be dismissed with prejudice as frivolous and for failure to state a claim until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (directing that *Heck*-barred claims be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

### ii. Other Bars to Recovery

"To maintain a civil action pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States." *Patrick v. Taylor*, No. 5:21-cv-00076-DCB-FKB, 2022 WL 1055432, at *2 (S.D. Miss. Feb. 25, 2022).

"[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981) (quotation omitted). "This is because, whether or not [an attorney] was retained or appointed, [s]he owes [her] duty to [her] client, not the State." *Bell v. McKenzie*, No. 2:15-cv-00115-KS-MTP, 2016 WL 335877, at *3 (S.D. Miss. Jan. 27, 2016). "There is no indication that [Shireman, Galle, or the Jackson County Public Defender's Office] were serving in any other function than that of . . . traditional criminal defense [counsel] when representing [Plaintiff]." *See Searcy v. Trochesset*, No. 21-40500, 2022 WL 3096849, at *2 (5th Cir. Aug 3, 2022). Plaintiff does not allege that they conspired with the prosecution during his criminal proceedings or otherwise acted under color of state law. *See Kimble v. Jefferson Par. Sheriff's Off.*, No. 22-30078, 2023 WL 1793876, at *3 (5th Cir. Feb. 7, 2023). His allegations against Shireman, Galle, and the Jackson County Public Defender's Office "at best boil down to professional malpractice, which is insufficient to render them amenable to suit under § 1983." *See id.*; *see also Flores v. Matthews & Branscomb*, 246 F. App'x 259, 259 (5th Cir. 2007) ("[A] state-law claim against . . . attorneys for professional misconduct is not a basis for

7

§ 1983 relief.").

Also, the Jackson County Circuit Court is not a person within the meaning of § 1983. *Davis v. City of Vicksburg, Miss.*, No. 3:13-cv-00886-DCB-MTP, 2015 WL 4251034, at *3 (S.D. Miss. Apr. 27, 2015) ("It is well settled that a state court is not a 'person' within the meaning of Section 1983."), *report and recommendation adopted in relevant part by*, 2015 WL 4251008, at *2 (S.D. Miss. July 13, 2015). Plaintiff's claims against the Jackson County Circuit Court are legally frivolous and fail to state a claim for this reason too. *See Sampay v. Terrebonne Par. 32nd Jud. Ct.*, No. CV-22-1173, 2022 WL 2712873, at *3 (E.D. La. June 9, 2022), *report and recommendation adopted by*, 2022 WL 2704573, at *1 (E.D. La. July 12, 2022) (dismissing § 1983 clams against the 32nd Judicial District Court as frivolous and for failure to state a claim).

B.  Claims Arising Under State Law

In addition to his constitutional claims, Plaintiff appears to allege professional malpractice claims against Shireman, Galle, and the Jackson County Public Defender's Office.  He also alleges that Singing River Hospital Campus Police committed "hostile actions/torts" during their encounter.  Compl. [1] at 6.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  "The district courts may decline to exercise supplemental

8

jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c).

"[T]he preferred practice, when no extensive proceedings on the ancillary claim have begun in federal court, is to dismiss the [ancillary claim] so that the case may be brought in state court where it belongs." *Putnam v. Williams*, 652 F.2d 497, 502 (5th Cir. 1981); *see also Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 769 (5th Cir. 2015) ("As a general rule, a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." (citation modified)).  In determining whether to exercise supplemental jurisdiction, the Court also considers "judicial economy, convenience, fairness, and comity." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)

Since the Court will dismiss every claim over which it had original jurisdiction, it will decline to exercise supplemental jurisdiction over any ancillary state-law claims.  This case is still being screened under § 1915, and none of the Defendants were served with process.  The parties have conducted no discovery and filed no dispositive motions.  Moreover, "[a] state court is in a better position to adjudicate [Plaintiff's] claims arising under state law." *See Ellsberry v. Stewart*, No. 1:21-cv-00385-BWR, 2023 WL 2386706, at *8 (S.D. Miss. Mar. 6, 2023).  Plaintiff's state-law claims, if any, will therefore be dismissed without prejudice. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) ("[T]he dismissal of the pendent claims should expressly be *without* prejudice so that the plaintiff may refile his

claims in the appropriate state court.").

IV. <u>CONCLUSION</u>

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff Jarvous Brooks's constitutional claims against all Defendants are **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**IT IS FURTHER ORDERED AND ADJUDGED** that any state-law claims are **DISMISSED WITHOUT PREJUDICE**.

A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 31st day of March, 2026.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE